IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILLIAM SHANK**, *et al*. | |
| *Plaintiffs*, | |
| v. | Case No.: RWT 10cv2231 |
| **EAGLE TECHNOLOGIES, INC** *et al*. | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

In Count Eleven of the second[1] Amended Complaint [ECF No. 51], Plaintiff Janet Fish alleges that Defendant, PSI "entered into a written, five-year, contract with the Plaintiff specifically providing for compensation, 'Top Secret Clearance' premium, bonus pay, vacation pay, and benefits" and breached that contract "by firing her unjustifiably." *See* Amend. Compl. ¶¶121 - 125.  On October 6, 2011, Defendant PSI filed a Motion for Partial Summary Judgment on Counts Eleven and Twelve of Plaintiffs' Amended Complaint [ECF No. 91] in which it sought to dismiss particular claims, specifically a breach of contract claim that pertains to Ms. Fish, and a wrongful discharge claim that pertains to Mr. Shank.

---

[1] Under Federal Rule of Civil Procedure 15(a), a party can only amend a pleading "once as a matter of course" in accordance with the timing requirements set forth in the rule.  In all other situations, leave of court or the opposing party's consent is required. *See* Fed. R. Civ. P. 15(a)(2). Here Plaintiffs did not file a motion for leave to file their second Amended Complaint or receive the opposing party's written consent.  Plaintiff also failed to comply with the requirements of Local Rule 103(6)(C), which mandates that the "the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."

On October 31, 2012, Plaintiff Janet Fish filed a Motion to Withdraw Certain Admissions as Contrary to the Facts [ECF No. 102]. The Court held a hearing on Defendant PSI's Partial Motion for Summary Judgment on November 7, 2011, but deferred ruling on Defendant's Motion for Partial Summary Judgment as to Count Eleven, Breach of Contract (Janet Fish) until the issue of whether Ms. Fish could withdraw certain admissions has been resolved. Plaintiff Fish's Motion to Withdraw Certain Admissions has now been decided.[2] All the issues have been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6.

A Court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof ... will not suffice to prevent summary judgment." *Peters v. Jenney,* 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment

---

[2] On November 30, 2011, a United States Magistrate Judge granted, in part, and denied, in part Plaintiff Janet Fish's Motion to Withdraw Certain Admissions as Contrary to the Facts. The Court allowed Plaintiff to withdraw the admissions that she "never executed a written employment contract with Eagle Technologies, Inc." and has "not produced any copy of any written employment." However, Plaintiff's prior admissions that she was "an at-will employee of Eagle Technologies" and "an at-will employee of PSI" could not be withdrawn. *See* ECF No. 112.

may be granted." *Liberty Lobby,* 477 U.S. at 249–50. (citations omitted). At the same time, the court must construe the facts that are presented in the light most favorable to the party opposing the motion. *See Scott v. Harris,* 550 U.S. 372, 378 (2007); *Emmett,* 532 F.3d at 297.

On March 24, 2009, Eagle Technologies sent Plaintiff, Ms. Fish an Offer Letter. *See* ECF No. 103-1. The letter specified that Ms. Fish would have the position of Assistant Program Manager and would start on June 1, 2009, contingent on Eagle Technologies receipt of a contract award from the Department of Homeland Security known at the National Biodefense Analysis and Countermeasures Center (NBACC) contract. *Id.* The letter set forth Plaintiff's salary and benefits. The offer also included a confidentiality clause which prohibited Plaintiff from disclosing certain information. *Id.* The letter did not specify a definite term of employment. *Id.* On April 6, 2009, Plaintiff signed a document entitled "Receipt & Acknowledgement of Eagle Technologies, Inc. Employee Handbook." *See* ECF No. 103-2. The document stated that Ms. Fish had an at-will relationship with Eagle Technologies. *Id.* The acknowledgement stated that Eagle Technologies was free to terminate her "at any time with or without reason…at the discretion of [Eagle Technologies]." *Id.*

On March 10, 2010, a subsidiary of Defendant PSI entered in to an asset purchase agreement with Eagle Technologies. *See* ECF No 72-4. The Asset Purchase agreement included a schedule that expressly described the assets that PSI was purchasing, and one of those assets included the NCACC contract.[3] *See* ECF No.72-5. Ms. Fish is deemed to have admitted that she is an at-will employee of Defendant PSI and Eagle Technologies. *See* ECF No. 112; ECF No. 102-3 ¶¶16 & 20; ECF No. 91-2 ¶¶ 17 & 19.

---

[3] The Court granted Defendant PSI's Motion for Partial Summary Judgment on the issue of successor liability, holding that Plaintiffs' Maryland state claims (Counts 1 through 8 of the amended complaint) must be dismissed as to PSI, for the period before PSI's asset purchase with Eagle Technologies, because PSI is not a successor in interest. *See* ECF No. 105.

Even without Plaintiff Fish's admission, under Maryland law, an employee is considered an at-will employee in the absence of a contract for employment for a definite term. *Samuels v. Tschechtelin*, 135 Md. App. 483, 525, 763 A.2d 209, 232 (2000). "[A]t-will employment is a contract of indefinite duration that can be terminated at the pleasure of either party at any time." *Hrehorovich v. Harbor Hospital Center, Inc.*, 93 Md. App. 772, 614 A.2d 1021, 1030 (1992). Here the evidence indicates that Ms. Fish's agreement was of an indefinite duration, and Ms. Fish is deemed to have admitted that she was an at-will employee both Eagle Technologies and Defendant PSI. While an at-will employee "may maintain an action for breach of an implied employment contract if existing general personnel policies or procedures limit the employer's discretion to terminate an employee," *Id.* at 1031 (citing *Haselrig v. Public Storage, Inc.*, 86 Md. App. 116, 585 A.2d 294, 298 (1991)), here Plaintiff did not claim in the Amended Complaint or produce any evidence during discovery that would suggest the existence of an implicit contract limiting PSI's right to terminate her employment.

Accordingly, it is this 24th day of April, 2012, by the United States District Court for the District of Maryland

**ORDERED,** that Defendant PSI filed a Motion for Partial Summary Judgment [ECF No. 91] as to Counts Eleven (Breach of Contract—Janet Fish) is **GRANTED**; and it is further

**ORDERED,** that Judgment for costs is entered in favor of Defendant PSI as to Count Eleven.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE