IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM SHANK, et al. | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. RWT 10-2231 |
| EAGLE TECHNOLOGIES, et al. | : | |
| Defendants | : | |

## **MEMORANDUM OPINION**

On January 10, 2013, the Defendant, Protection Strategies Incorporated, filed a Motion for Award of Costs and Attorneys' Fee To Be Imposed Against Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927. (ECF No. 188). On February 4, this Court directed that a response to the motion be filed on or before February 25, 2013. (ECF No. 189). The Plaintiffs and their attorneys not only responded, (ECF No. 191), but also moved to strike or dismiss the motion for attorneys' fees (ECF No. 188), and filed their own motion for attorneys' fees (ECF No. 192).

By Order dated April 5, 2013, this Court referred the matter to Chief Magistrate Judge William Connelly for a report and recommendation on the motions enumerated above. (ECF No. 199). The referral to him was especially appropriate because the vast majority of the matters complained of in the motion of Protection Strategies Incorporated related to discovery disputes that had previously been referred to Chief Judge Connelly for resolution. *See* (ECF No. 40).

On August 15, 2013, Chief Judge Connelly filed a 34-page comprehensive, detailed and masterfully prepared Report & Recommendation (ECF No. 204) in which he recommended that some, but certainly not all, of the relief requested by Protection Strategies Incorporated be

granted. On September 3, 2013, the attorneys for the Plaintiffs filed timely objections to the Report & Recommendation of Chief Judge Connelly. (ECF Nos. 209, 211).

Having carefully reviewed the Report & Recommendation of Chief Judge Connelly as well as the objections thereto and the response to the objections, the Court concludes that the objections are not well taken and will be overruled. Chief Judge Connelly's comprehensive opinion carefully addresses each of the contentions made and opposed by the parties and is both factually and legally sound. The opinion benefits from the fact that the author of the opinion presided over the vast majority of the controversies giving rise to the motion for an award of fees and he applied the correct legal standards and provided well-developed support in the record for the factual findings he makes. His recommendations did not represent a retrospective assessment of the merits of the Plaintiffs' claims, but rather a contemporaneous assessment of what should have been obvious at the time that the attorneys for the Plaintiffs pursued claims that, by any standard, objective or subjective, could not in good conscience have been pursued.

In their objections, the attorneys for the Plaintiffs complain, *inter alia*, that Chief Judge Connelly applied the wrong legal standard by failing to consider the factors set forth in *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235 (4th Cir. 2009). Quite simply, they are wrong, but to the extent that there is any deficiency in Chief Judge Connelly's report, this Court has independently reviewed the proposed fee awards and finds them entirely consistent with *Robinson*. The undersigned judge does not come to the task of assessing market rates without any experience. As the Fourth Circuit observed in *Reaching Hearts International, Incorporated v. Prince George's County*, 478 Fed.Appx. 54, 2012 WL 1417725 at p. 5, the "district judge also relied on his own knowledge of prevailing market rates in the relevant market. In particular, he explained that he had been responsible for billing at the law firm where

he practiced prior to his appointment to the bench in 2003 and that he knew the rates charged by attorneys at that local firm for all types of litigation up through that time in the relevant market." This Court again applies that experience and concludes that the rates charged by the attorneys for Protection Strategies Incorporated are consistent with the market for attorneys practicing in this Court. They also are in conformity with Appendix B to the Local Rules of this Court which sets forth rates based on years of experience and are the product of this Court's assessment, with the assistance of a committee of practicing attorneys, of market rates for attorneys practicing in this Court.

The proposed sanctions do not punish the attorneys for the Plaintiffs for vigorous advocacy, but rather for unreasonably and vexatiously multiplying these proceedings as richly detailed in Chief Judge Connelly's report. One example (of many) demonstrates this. When the Court directed that a response to the motion for fees be filed, the attorneys for the Plaintiffs not only responded, but also multiplied vexatiously the proceedings by moving to strike or dismiss the motion for fees and filing their own motion for fees. It is the expectation of this Court that attorneys will be vigorous advocates for their clients, but they may not engage in vexatious and unreasonable conduct that multiplies the proceedings before this Court. The report of Chief Judge Connelly clearly demonstrates that this is not a case of vigorous advocacy, but rather of vexatious conduct that simply cannot be countenanced.

Finally, the Court has examined the affidavit filed by counsel for Protection Strategies Incorporated (ECF No. 205) relating to its fees and costs for the filing of its motion for fees and in responding to the Plaintiffs' motion to dismiss or strike the motion for fees. The Court finds that the additional fees requested are reasonable based on application of the *Robinson* factors and additional awards will be included in this Court's order.

Accordingly, the Court will, by separate Order, overrule the objections to the Report & Recommendation and grant the relief requested and as recommended by Chief Judge Connelly. A separate Order follows.

Date: September 30, 2013                              /s/
                                        Roger W. Titus
                                        United States District Judge